## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| JOYCE MICHELLE STAPLES, | |
| Plaintiff, | Civil Action No.: |
| v. | **Jury Trial Demanded** |
| DOLGENCORP, LLC. | |
| Defendant. | |

## COMPLAINT

Plaintiff Joyce Michelle Staples (hereinafter "Ms. Staples" or "Plaintiff") files this Complaint against the Defendant Dolgencorp, LLC ("Dollar General" or "Defendant"), showing the Court that Defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") as follows:

## INTRODUCTION

Defendant took no actions to address severe and pervasive sexual harassment of its female employees, including Plaintiff Ms. Staples, by its Manager Craig O'Neal. Defendant failed to act despite being on notice of this recurring sexual harassment, which occurred over a nearly three (3) month period from at least July 6, 2019 – September 20, 2019. During this period, Defendant's Manager O'Neal made

repeated graphic sexual requests like "show me your tits," and repeatedly touched Plaintiff in a sexual manner. Plaintiff consistently objected to this behavior and asked members of Defendant's management to help her, but no help was given. When one assistant manager did try to protect Plaintiff, Defendant's Manager O'Neal had her transferred to another location. Defendant's Manager O'Neal later confessed to another of Defendant's assistant managers that he was "in love" with Plaintiff, but still Defendant did nothing. Defendant's Manager O'Neal repeatedly came to work intoxicated and repeatedly accessed multiple employees' (including Plaintiff's) personal employee accounts on Defendant's personnel computer database using those employees' passwords, and posed (without authorization) as those employees. This too was ignored by Defendant. After Defendant's final brutal sexual assault, Defendant instructed Plaintiff not to contact the police, and refused to take any responsibility for its manager's actions. Defendant's willful disregard for Plaintiff's federally-protected civil rights led Plaintiff to suffer severe emotional and psychological damage.

## **PARTIES**

1.     Plaintiff is a Georgia resident and citizen who is employed by Defendant Dollar General. Plaintiff currently resides at 295 Sweetgum Lane, Dallas, Georgia 30132.

2

2.     Plaintiff started working for Defendant in February 2019.

3.     Defendant Dollar General sells low-priced items including food, cleaning supplies, family apparel, houseware, seasonal items, and paper products from third-party consumer brands, along with Defendant Dollar General's private label brands. At all times relevant to this Complaint, Defendant Dollar General has continuously been doing business throughout the State of Georgia and has operated stores throughout Georgia, including within this District.

4.     At all times relevant to this Complaint, Ms. Staples worked at Defendant Dollar General's store located at 640 West Memorial Drive, Dallas, Georgia 30132.

5.     Defendant Dollar General can be served via its registered agent, Corporation Service Company, at 192 Anderson Street, Suite 125, Marietta, Georgia 30060 or by delivering it to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

6.     At all times relevant to this action, Defendant was Ms. Staples' employer within the meaning of Title VII.

## JURISDICTION AND VENUE

7.     This Court's jurisdiction is proper pursuant to 28 U.S.C. § 1331 as the claims herein present a federal question.

3

8.     Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant conducts business in this district and division, and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## CONDITIONS PRECEDENT SATISFIED

9.     Ms. Staples complied with all conditions precedent to the filing of this action, including timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and receiving a Notice of Right to Sue, and this action has been filed within ninety (90) days of receipt of said Notice.

10.     On February 21, 2020, Plaintiff Staples filed EEOC Charge No. 410-2020-03937 against Dollar General Corp.

11.     At the time Ms. Staples filed her charge of discrimination with the EEOC, her home address was 286 Merchants Drive, Dallas, Georgia 30132.

12.     On April 1, 2020, Ms. Staples moved to a new home at 295 Sweetgum Lane, Dallas, Georgia 30132, where she currently resides.

13.     On June 15, 2020, Ms. Staples' counsel, on behalf of Ms. Staples, requested the issuance of a Right to Sue letter from the EEOC, as allowed by Federal Regulations. Ms. Staples' counsel asked in the letter that the EEOC Right to Sue letter be sent to counsel.

14.     On June 30, 2020, the EEOC purportedly issued a Notice of Right to Sue to Ms. Staples. However, this was not sent to Plaintiff's correct address, nor was it sent to Plaintiff's counsel

15.     On November 3, 2020, Defendant provided Plaintiff's counsel with a copy of the June 30, 2020 Notice of Right to Sue addressed to Ms. Staples at her prior Merchants Drive address.

16.     This was the Plaintiff's, and Plaintiff's counsel's first receipt and first knowledge of the Notice of Right to Sue. See *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 525 (11th Cir. 1991) (vacating dismissal of Title VII claim where EEOC did not send Notice of Right to Sue to attorney representative as requested).

17.     This Complaint is filed within 90 days of Plaintiff's counsel's receipt of the Notice of Right to Sue from the EEOC.

## FACTS

### A. Plaintiff's employment background

18.     Ms. Staples applied to work for Dollar General in late January or very early February 2019. As part of her application process, she set up an online account and filled out an electronic application.

5

19.    She interviewed with Craig O'Neal, the Defendant's Store Manager at its Dallas location. As a manager, O'Neal had authority to make significant changes to Plaintiff's (and others under his supervision) employment status, including, for example, the ability to hire, fire or transfer.

20.    Shortly following her online application, Manager O'Neal called Ms. Staples and told her that she needed to complete hiring documentation electronically.

21.    Ms. Staples was unable to access the hiring packing information so she contacted Manager O'Neal to let him know she was having difficulty. He told her to come in to the store and he would help her complete it.

22.    Ms. Staples went to the Dollar General store Mr. O'Neal managed early in the morning in early February in order to complete the paperwork. She was led by Mr. O'Neal to the manager's office and sat down with him. They were the only two (2) people in the office.

23.    Manager O'Neal opened what Ms. Staples was told was his personal laptop and started asking Ms. Staples questions. He first asked for Ms. Staples' password to her employee account on Defendant's personnel database that she had set up when she applied.

24.    The laptop stayed on Manager O'Neal's desk the entire time; Ms. Staples could not see what was on it or what Manager O'Neal was typing, but he

proceeded to verbally ask her a number of questions, to which Ms. Staples responded and Manager O'Neal would then type into his laptop.

25.    Ms. Staples sat in Manager O'Neal's office for a long time. During this time, sometimes it was quiet as he typed things into his laptop, and sometimes he would ask Ms. Staples additional questions and then would type more. Ms. Staples never saw what he was typing and could not see his screen.

26.    Ms. Staples did not type her initials or anything else into Manager O'Neal's laptop nor did she access her employee account online. To the extent any of her information was put into the system that day, it was done by Manager O'Neal after Ms. Staples responded to his verbal questions.

27.    Once this process was done, Manager O'Neal told Ms. Staples he would print out hard copies of everything he input into his laptop and that she could review it later at home. Ms. Staples never received any hard copies.

28.    Manager O'Neal completed all of Ms. Staple's new employee paperwork for her without showing her any relevant documents or telling her the relevant information contained therein.

29.    Manager O'Neal never explained what he was doing exactly on his laptop. Manager O'Neal did this for other new employees as well, keeping their passwords for his individual (unauthorized) use in the future.

7

30.     Thereafter, from February 2019 – December 2019, Ms. Staples did not have access to her Defendant's personnel database. She could not access the system because she did not have the correct password anymore. Accordingly, Ms. Staples did not complete any of Defendant Dollar General's online training courses during this period. Manager O'Neal completed these using Ms. Staples password without her knowledge or authorization. Manager O'Neal did this same thing for other employees under his supervision.

31.     Manager O'Neal had usernames and passwords for many of his employees and kept the information posted in his office. He used that information to pose as those employees and access their employee accounts.

**B. Plaintiff is subjected to sexual harassment and a hostile work environment during her employment at Dollar General**

32.     Ms. Staples was a good employee in good standing with Defendant at all times relevant to this action.

33.     Starting in late June or early July 2019, Plaintiff's supervisor Manager O'Neal began arriving to work heavily intoxicated on a regular basis.

34.     During this same time, late June or early July 2019, Manager O'Neal began regularly sexually harassing Ms. Staples, making sexualized comments to her on a daily basis.

35.     The following is a non-exhaustive list of examples of Manager O'Neal's daily sexual harassment of Ms. Staples in the summer and fall of 2019:

a.     Manager O'Neal made remarks about Ms. Staple's "pussy";

b.     Manager O'Neal consistently talked about Ms. Staples' buttocks;

c.     Manager O'Neal remarked about how pretty Ms. Staples' hair is;

d.     Manager O'Neal remarked about how big Ms. Staples' breasts are;

e.     Manager O'Neal asked Ms. Staples how big her nipples are;

f.     Manager O'Neal said he'd like to get a hold of Ms. Staples' breasts;

g.     Manager O'Neal said he'd like to suck on or chew on Ms. Staples' breasts;

h.     Manager O'Neal asked Ms. Staples if she swallows or spits in reference to oral sex;

i.     Manager O'Neal forcefully pressed his erect penis against Ms. Staples' hips on more than one occasion while she was working a register;

j.     Manager O'Neal drove past Ms. Staples' house;

k.     Manager O'Neal would leave Ms. Staples voice messages saying he was sitting outside of her house;

9

l.      Manager O'Neal would ask Ms. Staples if she wanted him to bring her dinner;

m.      On or around July 12, 2019, Manager O'Neal asked Ms. Staples for a naked picture of her breasts;

n.      On or around July 13, 2019, Manager O'Neal asked to see Ms. Staples' breasts;

o.      On or around the week of July 15-19, 2019, Manager O'Neal requested that Ms. Staples come to his house while his wife was out of town;

p.      On or around July 20, Manager O'Neal arrived to work intoxicated and asked Ms. Staples where he could pay for a blow job;

q.      On or around August 3, 2019, Manager O'Neal came into Defendant's store intoxicated to the point where he was holding on to store shelves to balance himself and then attempted to hug Ms. Staples and grabbed Ms. Staples' buttocks. Assistant Manager Betty Baggett witnessed this incident. Ms. Staples rejected O'Neal's non-consensual touching by telling him that she did not and would not consent to this treatment;

r.      From at least September 1-19, 2019, Manager O'Neal would stalk Ms. Staples around the store; Ms. Staples tried to hide from Manager O'Neal while at work but found it to be nearly impossible;

10

s.      On or around September 15, 2019, Manager O'Neal arrived at work intoxicated to the point that he crashed into a soda can display and Leanne Crawley ("Crawley"), another Dollar General Assistant Store Manager with whom Manager O'Neal and Ms. Staples were friends, came to get him out of the store. Assistant Manager Crawley later informed Ms. Staples that Manager O'Neal told her that he was physically attracted to Ms. Staples and "in love with" Ms. Staples but that Ms. Staples would not give him the time of day. Assistant Manager Crawley did not report Manager O'Neal's conduct to her superiors, Defendant's Human Resources department, or anyone else at Defendant's headquarters;

t.      Shortly after this incident, on a separate day, Manager O'Neal tried to follow Ms. Staples and Tonya Aug (another Dollar General employee) into the women's restroom at the store. He made a sexual remark to them about them "getting frisky" with each other and how they didn't want him to be part of the action; and

u.      On or around September 20, 2019, while Ms. Staples was at work in Defendant's breakroom, Manager O'Neal entered and without Ms. Staples' permission, grabbed her hips from behind (leaving bruises on her hips), aggressively and repeatedly yanking her backwards onto his penis, all while

making sexual sounds. Ms. Staples rejected Manager O'Neal's non-consensual touching by telling him that she did not and would not consent to this treatment. Another coworker who witnessed this sexual harassment and battery, Catrena Reeves, called Assistant Manager Crawley (who had retrieved Manager O'Neal on September 15, 2019) to come and get him again. Assistant Manager Crawley arrived, but Manager O'Neal refused to leave the store. Assistant Manager Crawley instructed Manager O'Neal to stay in the office and told Ms. Staples and the other employee to continue working and that she was going to report what happened to upper management. Ms. Staples was instructed by Defendant not to report the incident to police.

36.    At no point did Ms. Staples consent to any of the sexual harassment, assaults, and batteries described above, or indicate that Manager O'Neal's behavior was welcome.

37.    At times relevant to this Complaint, Ms. Staples directly objected to Manager O'Neal's behavior and told him that he was making her very uncomfortable. Manager O'Neal ignored Ms. Staples' objections.

38.    Defendant knew or should have known about Manager O'Neal's sexual harassment of Ms. Staples.

39.     Specifically, Assistant Store Manager Betty Baggett knew about and witnessed O'Neal's harassment of Ms. Staples throughout the summer and fall of 2019.

40.     Ms. Staples also reported Manager O'Neal's harassment to Assistant Manager Crawley throughout the summer and fall of 2019. Assistant Manager Crawley did not work in the same store as Manager O'Neal and Ms. Staples at the time, but she was a close friend and confidant of Ms. Staples, as well as a friend of Manager O'Neal.

41.     Ms. Staples told Assistant Manager Crawley about all or nearly all of Manager O'Neal's harassment of her during the summer and fall of 2019.

42.     Assistant Manager Crawley took no action in response to Ms. Staple's reporting.

43.     In addition to his harassment of Ms. Staples, Manager O'Neal additionally made similar harassing comments and/or requests to Assistant Manager Baggett.

44.     On or around July 13, 2019, Manager O'Neal asked Assistant Manager Baggett to show him her breasts.

45.     On or around July 20, Manager O'Neal arrived to work intoxicated and asked Ms. Baggett where he could pay for a blow job. Manager O'Neal asked Ms.

Baggett about blow jobs on more than this occasion, approximately 15 times throughout the time relevant to this complaint.

46. Manager O'Neal also consistently asked Assistant Manager Baggett to smack his buttocks.

47. Manager O'Neal was likewise "touchy-feely" with employee Catrena Reeves during the times relevant to this Complaint, often brushing against her or taking his arm and rubbing it across her back and shoulders.

48. Manager O'Neal had also previously told employee Tonya Aug that he had heard a rumor that she was having sex with a vendor and told her he thought that was "hot" but that he knew he was not her type because he was white and he knew she liked black guys.

49. Defendant did nothing to stop or prevent Manager O'Neal's sexual harassment of its employees, including Ms. Staples.

50. On or around July 15, 2019, Assistant Manager Baggett called Defendant's District Manager, Dave Courtney ("Courtney"), regarding the inappropriate sexual advances Manager O'Neal was making to Ms. Staples and herself. However, District Manager Courtney never responded to this call and failed to take any action.

51.   On or around July 20, 2019, Assistant Manager Baggett again attempted to contact Defendant Dollar General's District Manager Courtney regarding Manager O'Neal's sexual harassment toward Ms. Staples and herself. District Manager Courtney again failed to respond or take any action.

52.   Throughout the time relevant to this complaint, Assistant Manager Baggett continued to try and contact Defendant's District Manager Courtney regarding Manager O'Neal's sexual harassment towards Ms. Staples, but never received any response.

53.   At or near the end of August 2019, Manager O'Neal orchestrated the transfer of Assistant Manager Baggett to another store location in order to prevent her from continuing to try to report his sexually harassing behavior. On or around September 6, 2019, Defendant transferred Assistant Manager Baggett to a different store.

54.   From late June/early July 2019 – September 26, 2019, Defendant did nothing and Ms. Staples was required to continue working with Manager O'Neal (including times where she and Manager O'Neal were the only employees present).

55.   Given the pervasiveness of Manager O'Neal's harassment of his female employees and Ms. Staples' reporting to Assistant Manager Baggett and Assistant

Manager Crawley, Defendant knew or should have known of Manager O'Neal's discriminatory behavior.

56.    At one point during the period of time relevant to this Complaint, Ms. Staples went to another of Defendant's store locations because she had heard District Manager Courtney was at the property. She attempted to speak with District Manager Courtney to report what Manager O'Neal was doing to her, but he told her he did not have time for her and closed the office door in her face.

57.    Despite Ms. Staples' numerous reports of sexual harassment to Defendant Dollar General's Assistant Managers Baggett and Crawley, their subsequent attempts to report and reports to the District Manager Courtney and HR, Ms. Staples' own rebuffed attempt to report to District Manager Courtney, Defendant Dollar General did not take any action until September 26, 2019. As a result, Ms. Staples suffered sexual harassment from Manager O'Neal on a daily basis for nearly three (3) months.

58.    During the time relevant to this Complaint, Manager O'Neal told Ms. Staples and Assistant Manager Baggett that District Manager Courtney "had his back, 100%, no matter what he did, where he goes."

16

59.     The remarks and non-consensual touchings were made and done to Ms. Staples on the basis of her sex, and Manager O'Neal did not make these remarks or similar remarks to or about men.

60.     The conduct so altered Ms. Staples' work environment that it unreasonably interfered with her job performance. Ms. Staples was scared to go into work. Ms. Staples had to continually try to hide from Manager O'Neal while trying to complete her job duties. Ms. Staples had to ask other employees, including Betty Baggett and Tonya Aug to remain by her side while she worked in unsuccessful attempts to fend off Manager O'Neal's sexual harassment, but he persisted. Because Defendant did not train Ms. Staples, she was unsure of how to respond and to whom to report Manager O'Neal's sexual harassment, other than to follow the chain of command and report to her Assistant Manager Baggett, which she did consistently through the time period relevant to this Complaint. Ms. Staples also consistently reported to Assistant Manager Crawley even though Assistant Manager Crawley did not work at the same store.

61.     Ms. Staples reported to Assistant Managers Baggett and Crawley regarding O'Neal's sexual harassment, and attempted on her own to report to District Manager Courtney, who rebuffed her attempt.

62.     Defendant failed to take any prompt remedial action against Manager O'Neal to protect Ms. Staples from Manager O'Neal's continued sexual harassment. Manager O'Neal remained on the job until September 26, 2019.

63.     Following these events with Manager O'Neal, Defendant transferred Ms. Staples to a different store causing her work commute to increase from 1 mile to 26 miles. Additionally, because of the transfer, Ms. Staples now works under Crawley (who is now a Store Manager).

64.     The events described herein have damaged Ms. Staples and continue to damage Ms. Staples in at least the following ways: 1) Ms. Staples suffered fear, intimidation, humiliation, embarrassment, anger, anxiety, stress, lack of sleep, lack of appetite/ability to eat, and mental anguish; 2) Ms. Staples received bruises from Manager O'Neal's forceful grabbing; 3) Ms. Staples' relationship with her boyfriend of more than seven years has been detrimentally affected because she no longer feels sexual desire and oftentimes feels anger toward him through no fault of his own; 4) Ms. Staples' daily work commute increased exponentially; and 5) Ms. Staples continues to suffer from extreme anxiety, anger, humiliation, embarrassment, stress, and mental anguish. Although Ms. Staples continues to suffer, she has been unable to seek counseling because of work demands and lack of insurance.

## COUNT I: SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT

65.     Plaintiff incorporates herein by reference the allegations set forth in the above paragraphs of this Complaint as if fully set forth herein.

66.     As a female, Ms. Staples is a member of a protected class under Title VII.

67.     Defendant is an employer within the meaning of Title VII, which applies to all private, state and local government employers with more than fifteen employees.

68.     As described above, Ms. Staples was subject to Manager O'Neal's unwelcome severe and pervasive sexual harassment and assault, including his repeated and daily verbal comments to her and unwanted touchings for nearly three (3) months during her employment with Defendant. It permeated Ms. Staples' workplace.

69.     The severe and pervasive sexual harassment at Dollar General altered the terms and/or conditions of Ms. Staples' employment and created a discriminatorily hostile working environment where she did not feel safe. Manager O'Neal's actions included not only harassing verbal comments but physically threatening, intimidating, and humiliating behavior toward Ms. Staples to the point where she was scared to go into work.

19

70.   Defendant is vicariously liable to Ms. Staples for the hostile work environment created by Manager O'Neal, a manager with immediate (or successively higher) authority over an employee.

71.   Ms. Staples subjectively perceived Manager O'Neal's sexual harassment as sufficiently severe and pervasive to alter the terms or conditions of employment. Plaintiff is seeking mental health medical attention as a result of the harassment.

72.   Ms. Staples' perception was reasonable because the environment at Defendant's store was one that a reasonable person would find hostile or abusive. The sexual harassment occurred on a daily basis. Further, the sexual harassment was severe, sexually explicit, and humiliating.

73.   Defendant did not exercise reasonable care to prevent the sexual harassment. There is no evidence that Defendant monitored its workplace locations. Defendant was on notice of this issue, failed to promptly respond to complaints, failed to provide an adequate system for registering complaints, and its response to Plaintiff's complaints effectively discouraged complaints from being filed.

74.   Defendant provided Plaintiff with no reasonable corrective opportunities and Defendant did not promptly act to correct Manager O'Neal's sexually harassing behavior. Defendant did not immediately discipline or suspend

Manager O'Neal, but instead subjected Plaintiff to continual work shifts with Manager O'Neal.

75.    As a result of Defendant's sex discrimination described herein, Ms. Staples has suffered actual and compensatory damages, including but not limited to mental and emotional distress, attorneys' fees, and punitive damages.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

1) Issue judgment in favor of Plaintiff Staples and against Defendant Dollar General;

2) Issue judgment in favor of Plaintiff that Defendant Dollar General discriminated against Ms. Staples on the basis of her sex in violation of Title VII;

3) That Plaintiff have and recover compensatory damages for the mental and emotional distress occasioned by Defendant Dollar General's discriminatory conduct in an amount to be determined by a jury;

4) That Plaintiff be awarded prejudgment interest for Defendant Dollar General's discriminatory conduct;

5) That Plaintiff have and recover punitive damages from Defendant Dollar General in an amount to be determined by a jury;

6) That Plaintiff have and recover her attorneys' fees and costs of litigation from Defendant Dollar General pursuant to 42 U.S.C. § 2000e-5 and all other applicable laws; and

7) Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

**Jury Trial Demanded**

This 29th day of December, 2020.

Respectfully submitted,

HILL, KERTSCHER & WHARTON, LLP

By:  /s/ Douglas R. Kertscher
     Douglas R. Kertscher
     Georgia State Bar No. 416265
     Jennifer L. Calvert
     Georgia State Bar No. 587191
     *Attorneys for Plaintiff*

3350 Riverwood Parkway SE
Suite 800
Atlanta, Georgia 30339
Telephone: 770-953-0995
Facsimile: 770-953-1358
E-mail: drk@hkw-law.com
        jc@hkw-law.com